Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 13 C 0703 | DATE | 3-25-13 |
| CASE TITLE | Ignacio Alvarez (R-06418) v. Wexford Health Sources, et al. | | |

## DOCKET ENTRY TEXT

Plaintiff's *in forma pauperis* ("IFP") application [3] is granted. The trust fund officer at Plaintiff's place of confinement is authorized to deduct $16.40 from Plaintiff's trust fund account as an initial partial filing fee and to continue making deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at Stateville Correctional Center. Plaintiff may proceed with his complaint against Wexford Health Sources, Regional Director Arthur Funk, former Warden Marcus Hardy, Dr. Imhotep Carter, Dr. Saleh Obaisi, and Health Care Administrator Royce Brown Reed. The clerk shall issue summons for service of the complaint on these Defendants and shall send Plaintiff a Magistrate Judge consent form and instructions for filing documents in this Court.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

    Plaintiff, Ignacio Alvarez, is incarcerated at Stateville Correctional Center. He has filed this 42 U.S.C. § 1983 action against Wexford Health Sources, its Regional Director Arthur Funk, former Stateville Warden Marcus Hardy, Dr. Imhotep Carter, Dr. Saleh Obaisi, and Health Care Administrator Royce Brown Reed. Plaintiff alleges that he suffered an injury to his ankle in August 2011. Allegedly, Dr. Carter and Dr. Obaisi did not adequately address Plaintiff's complaints of pain. Although Plaintiff saw an orthopedist in June 2012, who diagnosed an Achilles heel injury and prescribed an ankle brace, allegedly Plaintiff was not allowed a brace. Defendants Funk, Hardy, and Brown allegedly ignored Plaintiff's letters requesting that he receive adequate treatment.

    The Court grants Plaintiff's current *in forma pauperis* ("IFP") motion and assesses an initial partial filing fee of $16.40. The trust fund officer at Plaintiff's place of incarceration is directed to collect the initial partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number of this action. This payment obligation will follow Plaintiff in the event he is transferred.

    The Court has conducted a preliminary review of the complaint in accordance with 28 U.S.C. § 1915A. The first 10-11 pages of Plaintiff's complaint simply state that the Defendants acted with deliberate indifference to Plaintiff's injury without providing information as to the basis of his claims, *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a complaint must present more than labels, conclusions, or a formulaic

# STATEMENT

recitation of the elements of a cause of action; it must provide sufficient information to each defendant of the claim being alleged against him or her and the grounds upon which the claim is based); *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (a plaintiff must allege sufficient facts "to adequately connect specific defendants to illegal acts"). Although much of Plaintiff's complaint simply recite the elements of a deliberate indifference claim, the latter part of Plaintiff's complaint sufficiently states each Defendant's participation. Plaintiff may thus proceed against the six named Defendants. As to any unnamed Defendants referred to as John or Jane Doe, Plaintiff does not specify how they were involved and they are dismissed as Defendants.

The clerk shall issue summonses for service of the complaint on Wexford Health Sources, its Regional Director Arthur Funk, former Stateville Warden Marcus Hardy, Dr. Imhotep Carter, Dr. Saleh Obaisi, and Health Care Administrator Royce Brown Reed. The United States Marshals Service is appointed them. Any service forms necessary for Plaintiff to complete for the Marshal to accomplish service will be sent by the Marshal to Plaintiff. Plaintiff's failure to return forms to the Marshal will result in the dismissal of Defendants. The U.S. Marshal is directed to make all reasonable efforts to serve the Defendant. With respect to any former employee no longer at the work address provided by plaintiff, Stateville officials shall furnish the Marshal with the defendant's last known address. The information shall be used only for purposes of effectuating service, or to show proof of service should a dispute arise, and shall neither be kept in the court's file nor released by the Marshal. The Marshal is authorized to mail a request for waiver of service to each Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2). If a waiver of service is not obtained, the Marshal shall then attempt personal service.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any filing to defendants, or to their counsel if an attorney enters an appearance on their behalf. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.