37107/01245/MHW/JFM

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IGNACIO ALVAREZ, | |
| Plaintiff, | Case Number 13 cv 703 |
| v. | Judge Sara L. Ellis |
| WEXFORD HEALTH SOURCES, INC., et al., | |
| Defendants. | |

**MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS, ARTHUR FUNK, M.D., IMHOTEP CARTER, M.D., SALEH OBAISI, M.D. & WEXFORD HEALTH SOURCES, INC.**

NOW COME the Defendants, WEXFORD HEALTH SOURCES, INC., ARTHUR FUNK, M.D., IMHOTEP CARTER, M.D., and SALEH OBAISI, M.D. (collectively, the "Wexford Defendants"), by and through their attorneys, Matthew H. Weller and James F. Maruna, of CASSIDAY SCHADE LLP, and for their Fed. R. Civ. P. 56 Motion for Summary Judgment, state as follows:

1. Plaintiff, IGNACIO ALVAREZ, an inmate, currently serving a sentence for counts of murder and intent to murder, filed a complaint against two of his former doctors at Stateville Correctional Center, Dr. Carter and Dr. Obaisi, their supervisor, Dr. Funk, and their employer, Wexford Health Sources, Inc. ("Wexford"), claiming civil rights violations related to, *inter alia*, failing to adequately treat an ankle sprain. See Joint 56.1 Statement of Undisputed Facts ("SOF") at ¶¶ 12-13. Undisputed medical testimony finds that the medical providers complied with all applicable standards of care in treating the Plaintiff's ankle injury. (SOF at ¶ 42).

2.     Against Wexford, the Plaintiff alleges that Wexford "is more concerned in cost-cutting policies" than treatment. (SOF at ¶ 13). However, the undisputed evidence shows that during the one year that Plaintiff's ankle sprain was treated, he secured no fewer than ten (10) medical appointments, three (3) x-rays, crutches, special medical permits, constant pain medication, steroid pain medication injections, an ankle brace, and offsite consultation with an independent orthopedic surgeon. (SOF ¶¶ 19-36).

3.     The Wexford Defendants' conduct did not rise to the level of a civil rights violation. Even construing all uncontroverted material facts in the light most favorable to the Plaintiff, his claim for deliberate indifference unequivocally fails as a matter of law Accordingly, this Honorable Court should enter an Order granting Summary Judgment in favor of the Wexford Defendants and against the Plaintiff.

4.     The Wexford Defendants have consented to this Court's jurisdiction and venue by admission. (SOF at ¶¶ 8-9).

5.     Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). After a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Though facts must be viewed in the light most favorable to the non-moving party at the summary judgment stage, this rule only applies if there is a "genuine" dispute as to those facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007). "A mere scintilla of evidence" in support of the non-movant's position is insufficient; a party will only be successful in opposing summary judgment "when it presents definite, competent evidence to rebut the motion." *Essex v. United Parcel Serv. Inc.,* 111 F.3d 1304, 1308 (7th Cir. 1997).

6. In order to prevail on a claim under § 1983, the Plaintiff must show that each Doctor acted with deliberate indifference to his serious medical need or condition. *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). The burden of proving deliberate indifference rests on the Plaintiff. *Id.* The Plaintiff must prove: (1) the existence of an objective, serious medical need; (2) that the defendant was subjectively aware of a specific, serious medical need or risk; and (3) that the defendant demonstrated a culpable mental state by deliberately ignoring the plaintiff's alleged need or risk. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994); *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996)

7. The Plaintiff has failed to establish that Dr. Funk ever provided him with any medical care. It is "well established that Section 1983 creates a cause of action based on personal liability that is predicated upon fault." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005). Individual liability under 42 U.S.C. § 1983 requires <u>direct and personal involvement in the situation that causes injury to an inmate</u>. Dr. Funk's undisputed testimony is that he does not independently recall having ever treated the Plaintiff for complaints related to his ankle. (SOF at ¶ 37). Dr. Funk reviewed the Plaintiff's medical chart and found no notation authored by him. (SOF at ¶ 37). To the degree that the Plaintiff's Complaint is arguing that Dr. Funk is liable based on his job as supervisor to Stateville's on-site Medical Directors, Dr. Carter and Dr. Obaisi, those claims are also barred under Section 1983. See *Pacelli v. Devito*, 972 F.2d 871, 877 (7th Cir.1992) (finding that the doctrine of *respondeat superior* liability does not apply to § 1983 actions). Accordingly, the Plaintiff's claims for deliberate indifference fail against Dr. Funk because he lacked any direct, personal involvement in the Plaintiff's medical care.

8. The Plaintiff has not shown that he suffered from a serious medical need that posed an excessive risk to his health. A serious medical need is an objective, life threatening situation,

3

or a risk of needless pain or lingering disability that went untreated, which would have been so obvious that even a lay person would perceive the need for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005); *Davis v. Jones*, 936 F.2d 971, 972 (7th Cir. 1991). Furthermore, in order to establish that he has a serious medical condition, a plaintiff must present evidence that indicates said condition has risen to a level that posed a threat of serious harm to his present health or to his future health. *Stevenson v. Scholz*, 2009 WL 790961 at *23 (C.D. Ill. 2009). The Plaintiff's medical condition is an ankle sprain. (SOF at ¶ 20). There is nothing in the records indicating that the Plaintiff's ankle sprain was so severe that it was an "objective, life threatening situation". *Greeno*, 414 F.3d at 653. Therefore, his deliberate indifference claim against the Wexford Defendants fails at the outset.

9. The Plaintiff has failed to establish that Dr. Obaisi possessed the required subjective knowledge of a risk to the inmate's health and safety. Each defendant in a deliberate indifference claim must be subjectively aware of a serious medical need. *Estelle,* 429 U.S. at 107; *Sellers*, 41 F.3d at 1102; *Vance,* 97 F.3d at 991. In order to establish subjective knowledge, the Plaintiff must show that, "the communication, in its content and manner of transmission, gave the prison official sufficient notice to alert him or her to an 'excessive risk to inmate health or safety'". *Vance*, 97 F.3d at 993, citing *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). Dr. Obaisi became Stateville's Medical Director on August 2, 2012 - the month before the Plaintiff stopped treatment for his ankle. (SOF at ¶ 5). Dr. Obaisi saw the Plaintiff only one time for his ankle - September 26, 2012. (SOF at ¶ 35). After Dr. Obaisi completed his examination, he charted there were no acute findings regarding the ankle. (SOF at ¶ 35). Thus, Dr. Obaisi lacked any subjective notice of complaints regarding the ankle during his one appointment with this Plaintiff regarding his ankle.

10. The Plaintiff's Deliberate Indifference Claim against the Doctors fails because the undisputed facts show that the Doctors complied with all applicable community standards of medical care in treating the Plaintiff. In order to infer the required culpability for a claim of deliberate indifference based on a medical professional's care, the medical professional's decision must be so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment. *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Each of the three doctors testified that, in their professional medical opinions, they complied with all applicable community standards of medical care in treating this Plaintiff. (SOF at ¶ 42). The Doctors then reviewed the Plaintiff's entire medical chart regarding all medical care rendered by any Wexford-employed healthcare personnel and, again, all three doctors testified that all Wexford-employed personnel complied with all applicable standards of care. (SOF at ¶ 42). There is no medical testimony showing that no minimally competent medical professional would have responded differently to the Plaintiff's complaints. Accordingly, the Plaintiff's deliberate indifference claims fail because there is no evidence that any medical treatment failed to comply with the applicable community standard of care.

11. The Plaintiff has failed to carry his burden of identifying a pattern of neglect by the Doctors in order to support his claim for constitutional deliberate indifference. In reviewing a deliberate indifference claim, a pattern of neglect must be evident in the record. See *Guttierez v. Peters*, 111 F.3d 1364, 1374-75 (7th Cir. 1997). During the one (1) year that the Plaintiff received treatment for his ankle injury, he received no fewer than ten (10) medical appointments, three (3) x-rays, crutches, special medical permits, constant pain medication, steroid pain medication injections, an ankle brace, and outside consultation with an independent orthopedic surgeon. (SOF ¶¶ 19-36). Rather than showing neglect, the evidence in this case shows that the Plaintiff

received continuous and copious medical treatment for his ankle. Therefore, his deliberate indifference claim fails.

12. The Doctors had no role in scheduling the Plaintiff's medical appointments or ordering his ankle brace. Thus, they had no role in any alleged delayed treatment. Liability under 42 U.S.C § 1983 requires direct and personal involvement in the situation that causes injury to an inmate. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Dr. Carter and Dr. Obaisi testified that they do not personally schedule an inmate's medical referrals to outside medical facilities (like UIC) or even his internal M.D. sick call appointments at Stateville. (SOF at ¶ 39). Similarly, Dr. Carter and Dr. Obaisi testified that once they placed an order for an ankle brace, they have no further role in ensuring that the prisoner receives the brace. (SOF at 38). Finally, to the degree that any medical appointment was missed due to Stateville being on a "lockdown", the IDOC-staff and not Wexford-staff make the decision to place Stateville on lockdown. (SOF at ¶ 18). The Plaintiff cannot sue the Doctors for failing to do another employee's job. Therefore, this Court should grant summary judgment in favor of the Doctors.

13. The Plaintiff produced no medical testimony whatsoever establishing his claims that the alleged, inadequate or delayed medical treatment detrimentally caused him harm. Without medical evidence of inadequate treatment, a prisoner's self-serving opinion of the quality of his medical treatment is insufficient to raise a genuine issue of material fact. *Walker v. Zunker*, 30 Fed. Appx. 625, 628 (7th Cir. 1999).

14. The Plaintiff has failed to prove his claim against Wexford Health Sources, Inc. In order to recover against a corporate defendant under §1983, a plaintiff must show that the alleged injury was the result of the corporation's official policy or widespread practice. See *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-80 (1986). First, the Plaintiff has not produced

6

a single Wexford policy. Rather, the Plaintiff's Complaint is based only on his own conclusory and self-serving allegations that Wexford "is more concerned in cost-cutting policies". (SOF at ¶13). Second, even if such a policy existed, it is clear from the undisputed record of treatment detailed above that the medical attention this Plaintiff received does not establish a claim of deliberate indifference. Therefore, the Plaintiff's claim against Wexford fails.

15. The Plaintiff's claim for punitive damages fails because he has not proven any set of facts that would allow him to recover punitive damages. Punitive damages may be awarded under 42 U.S.C. § 1983 "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Schaub v. VonWald*, 638 F.3d 905, 922-23 (8th Cir. 2011). All three Doctors testified, unequivocally, that they never intended to cause the Plaintiff any harm, they only intended and desired to secure the best possible medical outcome for this Plaintiff, and they complied with all applicable community medical standards of care for treating this inmate. (SOF at ¶¶ 41-42). Therefore, even if this Court finds against the Wexford Defendants on the Plaintiff's deliberate indifference claim, it should still grant Summary Judgment to the Wexford Defendants on the punitive damages issue.

16. In support of this Motion for Summary Judgment, the Wexford Defendants attach a Memorandum of Law and Joint Rule 56.1 Statement of Facts filed concurrently with this Motion.

WHEREFORE, Defendants, WEXFORD HEALTH SOURCES, INC., ARTHUR FUNK, M.D., IMHOTEP CARTER, M.D., and SALEH OBAISI, M.D., respectfully request that this Honorable Court enter an Order granting them Summary Judgment and dismissing the Plaintiff's Complaint, with prejudice, plus costs, and any other relief that this Court deems just.

Respectfully submitted,

CASSIDAY SCHADE LLP

By: /s/ James F. Maruna
    One of the Attorneys for Defendants,
    WEXFORD HEALTH SOURCES, INC.,
    ARTHUR FUNK, M.D., IMHOTEP CARTER,
    M.D., and SALEH OBAISI, M.D.

Matthew H. Weller / ARDC No. 6278685
James F. Maruna / ARDC No. 6313433
CASSIDAY SCHADE LLP
20 North Wacker Drive, Suite 1000
Chicago, IL 60606
(312) 641-3100
(312) 444-1669 – Fax
mweller@cassiday.com
jmaruna@cassiday.com

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 12, 2016 I electronically filed the foregoing document with the clerk of the court for the Northern District of Illinois, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case.

/s/ James F. Maruna

8228589 JMARUNA;JMARUNA